O

# United States District Court
# Central District of California

| | |
|---|---|
| MONTEMP MARITIME LTD., | Case № 2:16-cv-06585-ODW (AGR) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S** |
| HANJIN SHIPPING CO. LTD., | **_EX PARTE_ APPLICATIONS FOR** |
| Defendant. | **WRIT OF GARNISHMENT AND** |
| | **FOR AN ORDER FOR** |
| | **APPOINTMENT FOR SERVICE OF** |
| | **PROCESS OR MARITIME** |
| | **ATTACHMENT AND** |
| | **GARNISHMENT [2, 3, 4]** |

## I.    INTRODUCTION

On August 31, 2016, Plaintiff Montempt Maritime Limited filed _ex parte_ applications for a writ of garnishment, for an order for appointment for service of process or maritime attachment, and for garnishment.   For the reasons discussed below, the Court **DENIES** Plaintiff's Applications. (ECF Nos. 2, 3 4.) [1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Plaintiff Montemp Maritime Ltd. ("Montemp" or "Plaintiff") filed a Complaint in this admiralty action on August 31, 2016, alleging breach of contract and application for writs of maritime garnishment pursuant to Supplemental Admiralty Rule B against Defendant Hanjin Shipping Co, Ltd. ("Hanjin" or "Defendant"). (Compl. ¶¶ 13, 17.)  Plaintiff contends that it has suffered damages of $1,688,345.70 as a result of Hanjin's failure to make payments for a time charter of a Vessel.  On the same day, Plaintiff filed an *ex parte* Application for Writ of Garnishment.  Plaintiff also seeks Appointment for Service of Process of Maritime Attachment and Garnishment, pursuant to Supplemental Maritime Admiralty Rule B.  To date, the Court has not received any opposition.

## III.   LEGAL STANDARD

### A.   SUPPLEMENTAL ADMIRALTY RULE B

Rule B of the Supplemental Rules of Admiralty and Maritime Claims ("Rule B") governs the procedure by which a party may attach another party's assets in maritime cases.  Rule B provides as follows:

(a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property – up to the amount sued for – in the hands of garnishees named in the process.

(b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

(c) If the plaintiff or the plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must issue the summons and process of attachment and garnishment.

## B.    EX PARTE WRIT OF ATTACHMENT

Rule 64 of the Federal Rules of Civil Procedure provides, in relevant part, that "all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . ." Fed.R.Civ.P. 64.  Thus, Rule 64 permits state seizure provisions to be used in federal courts.  *See Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552, 558 (9th Cir. 1992).  Pursuant to the California Code of Civil Procedure, the party seeking the attachment has the burden of proving:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The plaintiff has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based.

(4) The affidavit accompanying the application shows that the property sought to be attached, or the portion thereof to be specified in the writ, is not exempt from attachment.

(5) The plaintiff will suffer great or irreparable injury (within the meaning of Section 485.010) if issuance of the order is delayed until the matter can be heard on notice.

(6) The amount to be secured by the attachment is greater than zero.

Cal. Civ. Proc. Code § 485.220(a).

# IV.   DISCUSSION

Plaintiff appears to have satisfied the requirements of Rule B by filing a verified Complaint containing a prayer for attachment and garnishment, along with an affidavit declaring that the Defendant cannot be found within the district.

However, Plaintiff has failed to demonstrate that it is entitled to the extraordinary relief of an *ex parte* order allowing maritime attachment and garnishment.  Relief in the form of an *ex parte* writ of attachment requires a showing that Plaintiff will suffer great or irreparable injury if issuance of the order is delayed until the matter can be heard on notice.  Cal. Civ. Proc. Code § 485.220(a).  Here, even assuming Plaintiff has satisfied its burden of demonstrating the other elements required for an *ex parte* writ of attachment, the Court finds that Plaintiff has provided no information supporting a likelihood of great or irreparable injury if issuance of an order is delayed until a noticed hearing on Plaintiff's Application.  *See id.*  The Court finds nothing in the Plaintiff's Applications that indicates Hanjin is likely to hide or diminish its own assets prior to a noticed hearing.

Plaintiff has not demonstrated that *ex parte* relief is warranted in this action. The Court acknowledges that the relief sought pursuant to Rule B is available later in the litigation timeline; thus, the Court will consider the prayer for attachment and garnishment in the future as appropriate, not on the expedited timeline for which Plaintiff has provided no support.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's *ex parte* Applications for Writ of Garnishment and for an Order for Appointment for Service of Process of Maritime Attachment and Garnishment.  (ECF Nos. 2, 3, 4.)

**IT IS SO ORDERED.**

September 6, 2016

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**